**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDEN SURGICAL CENTER, | No. 16-56422 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01633-RGK-E |
| v. | |
| COGNIZANT TECHNOLOGY SOLUTIONS CORP., in its capacity as Plan Administrator of the Cognizant Group Health Plan; and COGNIZANT GROUP HEALTH PLAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 12, 2018
Pasadena, California

Before: ROGERS,[**] BYBEE, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The district court properly granted summary judgment for Defendants on Eden Surgical Center's claims under the Employee Retirement Income Security Act of 1974 (ERISA).

Eden concedes that its sole basis for standing is as an assignee. It also concedes that the benefit plan contained a valid anti-assignment provision, which, if enforceable, would bar its suit. Eden argues, however, that the doctrines of equitable estoppel and waiver render the provision unenforceable. We take each argument in turn.

Reasonable reliance on a material misrepresentation is one of the requirements necessary to establish an equitable estoppel claim. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Eden contends that Aetna, the claims administrator, made two misrepresentations: First, a week or so before the surgery, Aetna incorrectly advised Eden regarding the applicable reimbursement rate; and second, roughly four months after the surgery, Aetna mistakenly told Eden that the benefit plan did not contain an anti-assignment provision.

We will assume that Eden can invoke equitable estoppel as to the first misrepresentation. But that first misrepresentation is irrelevant to the standing analysis, the dispositive issue here, because a misrepresentation concerning the

reimbursement rate has no impact on whether the anti-assignment provision is enforceable or not. As to the second misrepresentation, it is at least potentially relevant to whether the anti-assignment provision can be enforced. But Eden's equitable estoppel claim fails because Eden could not have reasonably relied on Aetna's misrepresentation in deciding to file suit. Eden could have—and should have—attempted to obtain the plan documents from the purported assignor to verify whether the plan contained an anti-assignment provision, if knowledge of that fact was indeed critical to its decision to file suit. The undisputed facts establish, however, that Eden did not attempt to obtain the plan documents from its purported assignor until *after* it had already filed this action. In these circumstances, any reliance Eden placed on Aetna's misrepresentation concerning the existence of an anti-assignment provision was unreasonable.

Eden's waiver argument is likewise unavailing. While it is true that a "plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal court," *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719 (9th Cir. 2012), that is not what happened here. Defendants raised the anti-assignment provision after the suit commenced to contest Eden's standing to sue, not as a reason to deny benefits. In fact, as the district court properly noted, no

benefits were payable here because the beneficiary's deductible had not been met. In addition, although Eden takes issue with Defendants' pre-litigation conduct—in particular, its silence in response to Eden's administrative appeals—Eden cites no authority for the proposition that Defendants had an affirmative duty to make it aware of the anti-assignment provision. For these reasons, waiver is inapplicable.

Because the anti-assignment provision is valid and enforceable, Eden lacks derivative standing to sue. *See DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 876 (9th Cir. 2017).

**AFFIRMED.**